## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

KENDRICK CAIN,

    Plaintiff,

v.

C & K TRUCKING, LLC,

    Defendant.

No. CT-003613-12
DIV IX

Jury Demanded

## COMPLAINT FOR VIOLATIONS OF THE PUBLIC PROTECTION ACT AND THE COMMON LAW OF RETALIATORY DISCHARGE

COMES NOW the plaintiff, Kendrick Cain, and states unto the Court as follows:

1. This cause of action is instituted pursuant to the Tennessee Public Protection Act, T.C.A. § 50-1-304, as well as the common law of retaliatory discharge, to secure redress for and gain protection from the unlawful retaliatory discharge of an employee for refusing to remain silent about or participate in illegal practices, namely in this case, actions which are in violation of the regulations of the United States of America intended to protect the public health, safety and welfare.

2. The Plaintiff, Kendrick Cain, is a resident of Horn Lake, Mississippi. At all times complained of herein, Plaintiff Cain was an employee of the Defendant, C & K Trucking, LLC, as contemplated by the laws cited in paragraph 1 of this Complaint, until August 15, 2011, when he was discharged.

3. The Defendant, C & K Trucking, Inc., is an Illinois corporation doing business in Memphis, Shelby County, Tennessee. The Defendant is an employer as contemplated by the law cited in paragraph 1 of this Complaint. The wrongful acts complained of herein took place within the jurisdiction of this Court.

4. The Plaintiff was initially hired in February 2009 by TMS to be the Depot Manager for the Memphis Depot of that company. He continued to successfully perform the duties of that position at the Memphis Depot after the Defendant C & K Trucking, LLC, bought TMS in November 2009.



EXHIBIT A

5. The Plaintiff provided loyal and diligent service to the Defendant from November 2009 until the time of his termination on August 15, 2011.

6. Despite the Plaintiff's loyal and diligent service, he was discharged. The reason given for the discharge on his Separation Notice was "Position Elimination".

7. Prior to being discharged, the Plaintiff suffered an on-the-job injury in November 2011. As a result of this injury, in February 2011 he had to be temporarily assigned to a Night Shift Depot Security position in order to be able to go through physical therapy during the day. Despite his being physically ready to return to his regular position of Depot Manager a few weeks later, he was left in the security position.

8. On July 22, 2011 the Plaintiff sent an email to the company president detailing a number of activities occurring at the Memphis Depot which he believed to be either illegal or a violation of public policies set out in federal safety regulations administered by the Federal Motor Carrier Safety Administration that went into effect in the summer of 2010.

9. These new regulations, among other things, required intermodal operators, like Defendant C & K Trucking, LLC, to insure the inspection, maintenance and record-keeping of intermodal container chassis, containers and trucks to ensure they do not pose a risk of harm to the public health, safety or welfare.

10. As a result of Plaintiff Cain's implementation of, and compliance with, these new safety regulations, the Memphis Depot developed a backlog of chassis and trailers that were effectively taken out of service due to deficiencies identified in the inspections.

11. After one major customer of Defendant complained about the delay this caused, upper management instructed the Plaintiff to get the deficient chassis out of the depot even though they had not been repaired, and further instructed Plaintiff to stop writing up any problems on that major customer's containers unless it was just a tire problem or the containers were not usable.

12. After the Plaintiff made his formal written report to the company president in late July he was suspended for an investigation. Then, shortly thereafter on August 15, 2011, instead of action being taken to remedy the violations he had reported to the president, he was discharged allegedly because his position was eliminated.

13. The Plaintiff avers that the Depot Manager position, which he had previously held and should have been returned to after the rehabilitation treatments for his workplace injury were completed in the Spring of 2011, was not eliminated, nor was the Night Shift Depot Security position he was temporarily filling eliminated.

14. The Plaintiff avers that the reason given for his discharge is false and a mere pretext to try to hide the real reason for his discharge, which was retaliation for his refusal to remain silent about or participate in violations of the Federal Motor Carrier Safety Act regulations.

15. Prior to being discharged, the Plaintiff had a reasonable belief that activities of the Defendant were not in compliance with these government safety regulations and he refused to remain silent about or participate in that non-compliance which could put at risk the health, safety and welfare of the public.

16. As an employee of the Defendant, Plaintiff Cain was protected by the provisions of T.C.A. § 50-1-304 and Tennessee common law from being discharged in retaliation for refusing to remain silent about or participate in activities he reasonably believed were illegal and/or in violation of public policy set forth in government regulations. Under those laws, if an employee reports such a belief to internal management and management then acts to silence that employee by discharging them, such a discharge is unlawful.

17. The Plaintiff avers his discharge by the Defendant on August 15, 2011, violated T.C.A. § 50-1-304 and the Tennessee common law because it was in retaliation for his refusal to remain silent about or participate in activities he had a reasonable belief were in violation of government safety regulations implemented under the Federal Motor Carrier Safety Act.

18. The Plaintiff further avers this retaliatory discharge was committed with malice, gross negligence, oppression and/or bad motive.

19. As a result of the unlawful retaliatory discharge, the Plaintiff has suffered and will continue to suffer not only a significant loss of pay and benefits, but also emotional pain and suffering, inconvenience, humiliation and embarrassment, and loss of enjoyment of life.

20. Plaintiff avers that he is entitled to recover all lost pay and benefits, plus interest, as well as compensatory damages from the Defendant in an amount to be determined by the jury at the trial of

this matter for the emotional pain and suffering, inconvenience, humiliation and embarrassment, and loss of enjoyment of life caused by his unlawful discharge.

21. Plaintiff is entitled to punitive damages from the Defendant because the retaliation against him constitutes willful misconduct done so recklessly as to imply a disregard of social obligation or an entire want of care to raise a presumption of conscious indifference to the consequences and in reckless disregard of the Defendant's social obligations and/or was committed with malice, gross negligence, oppression, or bad motive.

22. Plaintiff further avers that he is also entitled to punitive damages to deter the Defendant from any further unlawful activities which threaten the safety and well-being of the public and to deter other companies from engaging in similar unlawful activities.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

1. That the Court find that the Defendant discharged him in retaliation for his refusal to remain silent about or participate in its activities which he had a reasonable belief were illegal and/or in violation of public policy, declare such practices of the Defendant-Company unlawful and enjoin it from any further unlawful retaliation against employees who refuse to remain silent about activities they have a reasonable belief are illegal and/or in violation of public policy;

2. That this Court order the Defendant to reinstate the Plaintiff to his former position or a comparable position with full seniority and benefits or, in lieu of reinstatement, order front pay and benefits until the time of such reinstatement;

3. That this Court award the Plaintiff actual and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) or such other amount as the jury deems reasonable;

4. That, after a hearing on the financial condition of the Defendant, the Court award the Plaintiff punitive damages in whatever amount the jury may deem reasonable and necessary to punish the Defendant and to deter it and other companies from engaging in similar misconduct in the future;

5. That the Plaintiff be awarded such other and further relief as may be deemed just and proper. Plaintiff demands a jury to try this case when the issues are joined.

Respectfully submitted,

NORWOOD & ATCHLEY

*[signature]*
Dan M. Norwood (#05926)

*[signature]*
Jeffery L. Atchley (#012370)
266 South Front Street, Suite 206
Memphis, Tennessee 38103
(901) 528-8300

*Counsel for Plaintiff*

| | | |
|---|---|---|
| CIRCUIT COURT<br>140 ADAMS AVE.<br>ROOM 224<br>MEMPHIS, TN 38103 | (CHANCERY / CIRCUIT) COURT OF TENNESSEE<br>FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS<br>SUMMONS IN CIVIL ACTION | CHANCERY COURT<br>140 ADAMS AVE.<br>ROOM 308<br>MEMPHIS, TN 38103 |

NO. CT-003573-12  D. IX   AD DAMUM $ _____   AUTO ☐   OTHER ☐

_____,

_____   Home Address

**KENDRICK CAIN**

_____   Business Address

        PLAINTIFF

VS.

**C & K TRUCKING, LLC** _____   Home Address

        DEFENDANT   Business Address

**TO THE DEFENDANT(S):** _____
   Mr. Lee Piovarcy
   6410 International Place, Tower II, Suite 1000, Memphis, TN 38119-4939

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Dan M. Norwood, Attorney Plaintiff's attorney, whose address is **266 So. Front St., Ste 206, Memphis, TN 38103** within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

**KENNY ARMSTRONG, CLERK & MASTER**        **JIMMY MOORE, Clerk**

BY _____, D. C.      BY _[signature]_, D. C.

TESTED AND ISSUED __AUG 15__, 20 _12_

**TO THE DEFENDANT(S):**

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980 you are hereby given the following notice:
Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt, with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not become effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include: items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.

Witness My Hand this __13th__ Day of __August__, 20 _12_

Certification when applicable

I, Jimmy Moore, Clerk of the Circuit Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____.

_[signature]_
Surety

JIMMY MOORE, Clerk
By: _____ D. C.

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVICE THE WITHIN SUMMONS:
By delivering on the _____ day of _____, 20 ___ at _____ M. a copy of the summons and a copy of the Complaint to the following defendants_____

_____

Mark Luttrell, Sheriff

By_____
  Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVICE THE WITHIN SUMMONS:
By delivering on the _____ day of _____, 20 ___ at _____ M. a copy of the summons and a copy of the Complaint to the following defendants_____

(PLEASE PRINT THE FOLLOWING)

_____
Address

_____
Private Process Server

_____
Phone

_____
Company

_____
Signature

Other manner of service: _____
_____
_____

I hereby certify that I have NOT served this Summons on the within named defendant(s) _____ because _____ is (are) not to be found in this County after diligent search and inquiry for the following reasons: _____
This _____ day of _____, 20 ___.

Mark Luttrell, Sheriff

By _____
  Deputy Sheriff

---

No. _____

IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

SUMMONS IN CIVIL ACTION

KENDRICK CAIN
Plaintiff

VS

C & K TRUCKING, LLC
Defendant

Came to hand _____

Dan M. Norwood
Attorney for Plaintiff
Tel. No. 901-528-8300

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| KENDRICK CAIN,<br><br>    Plaintiff,<br><br>v.<br><br>C & K TRUCKING, LLC,<br><br>    Defendant. | Case No. CT-003573-12   Div. IX<br><br>Jury Demand |

**NOTICE OF LAWSUIT
AND
REQUEST FOR WAIVER OF SERVICE OF SUMMONS**

TO:   Mr. Lee Piovarcy
        6410 International Place, Tower II
        Suite 1000
        Memphis, TN 38119-4939

A lawsuit has been commenced against the C & K Trucking, LLC, on whose behalf you are addressed as counsel. A copy of the complaint is attached to this notice. It has been filed in the Circuit Court of Shelby County and has been assigned case number of Ct-003573-12 Div. IX. This is not a formal summons or a notification from the court, but rather my request that an authorized representative of the Defendant sign and return the enclosed waiver of service in order to save the cost of serving this Defendant, with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated

below as the date on which this Notice and Request is sent. I enclose a stamped and addressed return envelope for each Defendant's use. An extra copy of the waiver is also attached for the Defendant's records.

If the Defendant complies with this request and return the signed waiver, it will be filed with the court and no summons will be served on either. The action will then proceed as if the Defendant had been served on the date the waiver is filed, except that the Defendant will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If the Defendant does not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Tennessee Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require the Defendant to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is, set forth at the foot of this waiver form.

I affirm that this request is being sent to you by the Plaintiff, this 21st day of August 2012.

_____
Dan M. Norwood

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4 of the Tennessee Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the Plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| KENDRICK CAIN,<br><br>    Plaintiff,<br><br>v.<br><br>C & K TRUCKING, LLC,<br><br>    Defendants. | Case No. _CT-003573-12 Div IX<br><br>Jury Demand |

## WAIVER OF SERVICE OF SUMMONS

TO:   Dan M. Norwood
      Norwood & Atchley
      266 South Front Street
      Suite 206
      Memphis, TN 38103

   I hereby acknowledge receipt of your request that I waive service of a summons in the action of Kendrick Cain v. C & K Trucking, LLC, which is Case No. CT-003573-12, filed in the Circuit Court of Shelby County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.07 of the Tennessee Rules of Civil Procedure.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I

am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after July 24, 2012.

August 27, 2012
Date

_Signature_
Attorney for Defendant

Lee C. Piovarcy
Printed /Typed Name

as Attorney for

of Defendant